IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| ELIZABETH HALE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **Case No. 6:19-cv-3415** |
| v. ) | |
| ) | Removal from the Circuit Court |
| WAL MART STORES EAST, L.P., ) | of Howell County, Missouri |
| ) | Case No. 19AL-CC00119 |
| Defendant. ) | |
| ) | |

## NOTICE OF REMOVAL

TO: THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Wal-Mart Stores East, LP (hereinafter referred to as Defendant or "Walmart") hereby remove to the United States District Court for the Western District of Missouri the action styled *Elizabeth Hale v. Wal Mart Stores East, L.P.*, Case No. 19AL-CC00119, from the Circuit Court of Howell County, Missouri. Defendant states the following in support of removal:

## STATE COURT ACTION

1. On September 13, 2019, Plaintiff Elizabeth Hale ("Plaintiff") commenced this matter by filing her Petition in the case styled *Elizabeth Hale v. Wal Mart Stores East, L.P.*, Case No. 19AL-CC00119, in the Circuit Court of Howell County, Missouri (the "State Court Action").

2. Plaintiff's Petition in the State Court Action asserts a common law claim of negligence.

3. Removal is timely if it is filed within thirty (30) days after a defendant receives a copy of an initial pleading "through service or otherwise". 28 U.S.C. §§ 1441 and 1446.

1

4. Defendant was served with process on November 8, 2019.

5. This is a civil action over which this Court has original diversity of citizenship jurisdiction under 28 U.S.C. § 1332. As such, Defendant may remove this action under 28 U.S.C. §§ 1441 and 1446.

## PAPERS FROM REMOVED ACTION

6. A true and correct copy of the court file from the State Court Action is attached hereto as Exhibit A.

## REMOVAL IS TIMELY

7. A Notice of Removal is required to be filed within thirty (30) days that the defendant receives a copy of an initial pleading "through service or otherwise". 28 U.S.C. § 1446(b).

8. Defendant was served with process on November 8, 2019.

9. This Notice of Removal is being filed on or before December 9, 2018.

## VENUE REQUIREMENT IS MET

10. Venue is proper, in that this Court is the United States District Court for the district and division corresponding to the place where the State Court Action was pending. 28 U.S.C. § 1441(a).

## DIVERSITY JURISDICTION EXISTS

11. Plaintiff identifies her residence in the State Court File as Missouri. *See* Exhibit A, Petition ¶ 1.

12. Defendant provides the following information necessary for purposes of establishing that complete diversity of citizenship exists for this controversy.

13. Defendant Wal-Mart Stores East, L.P. was, at the time of the commencement of this matter, and ever since, has been, and still is, a foreign limited partnership organized and existing under the laws of the State of Delaware, and maintains its principal office and place of business in the State of Arkansas, not having its chief and principal place of business in the State of Missouri, and is neither a citizen nor a resident of the State of Missouri.

    a) WSE Management, LLC, general partner, and WSE Investment, LLC, limited partner, are the sole partners comprising Wal-Mart Stores East, LP.

        i. WSE Management, LLC, at the time of the commencement of said action and ever since, has been, and still is, a foreign limited liability company organized and existing under the laws of the State of Delaware, with its chief and principal office and place of business in the State of Arkansas, and is neither a citizen nor a resident of the State of Missouri.

        ii. WSE Investment, LLC, at the time of the commencement of said action and ever since, has been, and still, is a foreign limited liability company organized and existing under the laws of the State of Delaware, with its chief and principal office and place of business in the State of Arkansas, and is neither a citizen nor a resident of the State of Missouri.

    b) The sole member of both WSE Management, LLC and WSE Investment, LLC, at the time of the commencement of said action and ever since, has been, and still is, Wal-Mart Stores East, Inc.

3
Case 6:19-cv-03415-MDH   Document 1   Filed 12/06/19   Page 3 of 7

    i.  At the time of the commencement of said action and ever since, Wal-Mart Stores East, Inc. has been, and still is, a foreign corporation incorporated and existing under the laws of the State of Arkansas with its principal place of business in the State of Arkansas, not having its chief and principal office and place of business in the State of Missouri, and is neither a citizen nor a resident of the State of Missouri.

14. Accordingly, there exists complete diversity of citizenship in this matter. *See* 28 U.S.C. § 1332(c).

## AMOUNT IN CONTROVERSY EXCEEDS $75,000

15. A district court has original diversity jurisdiction when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . . ." 28 U.S.C. § 1332(a). A district court has subject matter jurisdiction in a diversity case when "a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000.00." *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002). Accordingly, even in matters where it is not "facially apparent" from a plaintiff's pleadings that the claimed damages exceed $75,000, removal can be warranted. *Quinn v. Kimble*, 228 F.Supp.2d 1038, 1040 (E.D.Mo. 2002)(finding remand was not warranted even where plaintiff submitted affidavits alleging damages totaling less than $10,000.00).

16. In her Petition, Plaintiff alleges personal injury due to the alleged negligence of defendant and alleges the following: she "sustained damages and injuries to her right ankle, chronic pain of the right ankle, sprain of the talo-fibular ligament, said injuries causing Plaintiff to incur medical care expenses in the past and in the future." *See* Exhibit A, Petition ¶ 7.

17. She further alleges damages, including past and future lost wages, claiming: "said injuries interfering with her ability to perform the work and other activities which she could perform before the occurrence without pain, limitations or restrictions, said injuries interfering with her ability to perform the non-work activities which she could perform prior to the occurrence without pain, limitations or restrictions, said injuries interfering with her ability to work and causing her to incur lost earnings in the past and the future, and said injuries causing her pain and suffering in the past and in the future." *See* Exhibit A, Petition ¶ 7.

18. Plaintiff also requests judgment in an amount "not to exceed $75,000; **for her costs herein expended; and for such other and further relief** . . . " *See* Exhibit A, Petition, Wherefore clause (emphasis added).

19. Although this prayer appears to limit her damages, Plaintiff is explicitly claiming chronic pain, past and future medical expenses, inability to perform work as before, inability to perform non-work activities and interference with her ability to work, causing her incur lost earnings in the past and the future." *See* Exhibit A, Petition ¶ 7.

20. Based on Plaintiff's claims of chronic pain, past and future medical expenses, inability to perform work and non-work activities, and past and future lost earnings, as well as a claim "for such other and further relief and orders as the Court may deem just and proper", a fact finder could legally conclude from Plaintiff's Petition that the amount in controversy in this matter is in excess of $75,000.

REMOVAL IS PROPER

21. Removal is proper, in that (i) this action is a civil action pending within the jurisdiction of the Circuit Court of Howell County, Missouri; (ii) this action could have been

5

Case 6:19-cv-03415-MDH   Document 1   Filed 12/06/19   Page 5 of 7

brought in this jurisdiction; and (iii) the parties are completely diverse. 28 U.S.C. §§ 1441 and 1446.

22. The U.S. District Court for the Western District of Missouri, Southern Division, is the appropriate court for removing this action. *See* 28 U.S.C. §§ 1441(a) and 1446(a); Local Rule 3.2(a)(3).

## FILING OF REMOVAL PAPERS

23. Promptly upon filing this Notice of Removal, Defendant will give notice in writing to all parties and will file a copy of this Notice of Removal with the Clerk of the Circuit Court of Howell County, Missouri, as required by 28 U.S.C. § 1446(d).

## JURY TRIAL DEMANDED

24. Defendant requests jury trial on all matters.

## DESIGNATION OF PLACE OF TRIAL

25. Defendant hereby designates Springfield, Missouri as the place for trial.

## CONCLUSION

WHEREFORE, Defendant Wal-Mart Stores East, LP does hereby remove the above-captioned action from the Circuit Court of Howell County, State of Missouri, and request that further proceedings be conducted in this Court as provided by law.

DATED: December 6, 2019.

Respectfully submitted:

/s/ M. Jared Marsh
Karen J. Halbrook    (MO #38919)
M. Jared Marsh    (MO #51817)
HALBROOK WOOD, PC
3500 West 75th Street, Suite 300
Prairie Village, Kansas 66208
TEL: (913) 529-1188
FAX: (913) 529-1199
E-MAIL: khalbrook@halbrookwoodlaw.com
E-MAIL: jmarsh@halbrookwoodlaw.com
ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 6th day of December 2019, the foregoing was electronically mailed to:

H. Lynn Henry
HENRY & WILLIAMS, P.C.
1207 Porter Wagoner Blvd.
P.O. Box 617
West Plains, Missouri 65775
Tel:    417-256-8133
Fax:    417-256-8969
Email: lynn@henrylawfirm.com
ATTORNEY FOR PLAINTIFF

/s/ M. Jared Marsh
ATTORNEY FOR DEFENDANT